```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:21-00253

**JAMES ROBERT MCKINNEY**

## MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered on October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point

for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

On March 16, 2022, the defendant pled guilty to the single-count indictment and on May 27, 2022, the court accepted the defendant' plea of guilty and adjudged the defendant guilty and convicted of one violation of Title 18, U.S.C. § 2250(a) as set forth in the single-count indictment.  The single-count indictment charged the defendant with failure to register as a sex offender and failure to update registration pursuant to 18 U.S.C. § 2250(a).  At the time of his original sentencing, the defendant was assessed ten criminal history points, eight points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two additional points are known as status points.  The defendant had a Total Offense Level of 12 and a Criminal History Category of V, for a Guideline range of 27 to 33 months.  On August 29,

2022, the court imposed a downward variant sentence of imprisonment of 21 months on the single-count indictment, to be served consecutively to be served consecutively to any remaining imprisonment under sentences the defendant was serving in Doddridge County, West Virginia, and Harrison County, West Virginia, to be followed by 5 years supervised release, and a $100 Special Assessment as more fully set forth in the Judgment Order entered on September 9, 2022.

      Following the retroactive amendment to the Guidelines, the defendant's status points would be reduced by 1 criminal history point, inasmuch as the defendant had a criminal history score of eight points for prior offenses, and his criminal history score is now nine, which yields a lower Criminal History Category of IV.  The new Criminal History Category of IV with the Total Offense Level of 12, results in an amended Guideline range of 21 to 27 months as to his offense of conviction.

      The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 21 months on the single-count indictment, which sentence is already at the minimum of the amended guideline range of 21 to 27 months.  Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall

not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Inasmuch as the defendant is not a zero-point offender, he is not eligible for the two-level decrease pursuant to Subpart 1 of Part B of the new §4C1.1 guideline.

Accordingly, it is ORDERED that the defendant's Criminal History Category is amended, and his Criminal History Category is now that of IV.  It is further ORDERED that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is hereby DENIED.  The sentence imposed on August 29, 2022, and set forth in the Judgment Order entered on September 9, 2022, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 12, 2024

John T. Copenhaver, Jr.
Senior United States District Judge